UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| **Wade Stephney**, **Jr.,** # 90998 (*formerly* # 141327), | ) **C/A No. 8:05-2740-MBS-BHH** |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) **Report and Recommendation** |
| | ) |
| **Leon Lott, Jr.**,  Sheriff of Richland County; | ) |
| **J.  Willoughby**, Investigator for Richland County Sheriff's Department; | ) |
| **NFN Hayhust**, Fugitive Squad Officer for Richland County Sheriff's Department; and | ) |
| **Ronaldo Myers**, Director of Alvin S. Glenn Detention Center, | ) |
| | ) |
| Defendants. | ) |
| | ) |

_____

# *Background of this Case*

The  plaintiff  is  a  pre-trial  detainee  at  the  Alvin  S.  Glenn  Detention Center  (formerly  known  as  the  Richland  County  Detention  Center)  in Columbia, South Carolina.  Defendant Lott is the Sheriff of Richland County. Defendants Willoughby and Hayhurst are law enforcement officers employed by  the  Richland  County  Sheriff's  Department.   Defendant  Myers  is  the Director of the Alvin S. Glenn Detention Center.  It can be judicially noticed

1

that the Alvin S. Glenn Detention Center is operated by Richland County, not the Richland County Sheriff's Department.

The "STATEMENT OF CLAIM" portion of the § 1983 complaint reveals that this civil rights action arises out of the pending proceedings in the plaintiff's criminal case and out of the loss of the plaintiff's property, including legal materials and medicine, inside the Alvin S. Glenn Detention Center. The plaintiff also alleges that defendant Myers has not provided him (the plaintiff) with envelopes, stamps, and stationery. In his prayer for relief, the plaintiff seeks two hundred fifty thousand dollars in damages, actual damages, compensation, and the removal of a pending state court case to this federal district court.

# *Discussion*

Under established local procedure in this judicial district, a careful review has been made of the *pro se* complaint pursuant to the procedural provisions of 28 U.S.C. § 1915; 28 U.S.C. § 1915A; and the Prison Litigation Reform Act. The review has been conducted in light of the following precedents: Denton v. Hernandez, 504 U.S. 25, 60 U.S.L.W. 4346, 118

L.Ed.2d 340, 112 S.Ct. 1728, 1992 U.S. LEXIS® 2689 (1992); <u>Neitzke v. Williams</u>, 490 U.S. 319, 324-325, 1989 U.S. LEXIS® 2231 (1989); <u>Haines v. Kerner</u>, 404 U.S. 519 (1972); <u>Nasim v. Warden, Maryland House of Correction</u>, 64 F.3d 951, 1995 U.S.App. LEXIS® 26108 (4th Cir. 1995)(*en banc*), *cert. denied*, 516 U.S. 1177, 134 L.Ed.2d 219, 116 S.Ct. 1273, 1996 U.S. LEXIS® 1844 (1996); <u>Todd v. Baskerville</u>, 712 F.2d 70 (4th Cir. 1983); and <u>Boyce v. Alizaduh</u>, 595 F.2d 948 (4th Cir. 1979)(recognizing the district court's authority to conduct an initial screening of a *pro se* filing).[1]  *Pro se* complaints and petitions are held to a less stringent standard than those drafted by attorneys, <u>Gordon v. Leeke</u>, 574 F.2d 1147, 1151 (4th Cir.), *cert. denied*, <u>Leeke v. Gordon</u>, 439 U.S. 970 (1978), and a federal district court is charged with liberally construing a complaint or petition filed by a *pro se* litigant to allow the development of a potentially meritorious case.  *See* <u>Hughes v. Rowe</u>, 449 U.S. 5, 9-10 & n. 7 (1980)(*per curiam*); and <u>Cruz v. Beto</u>, 405 U.S. 319 (1972).  When a federal court is evaluating a *pro se* complaint or petition, the plaintiff's or petitioner's allegations are assumed to

---

[1]<u>Boyce</u> has been held by some authorities to have been abrogated in part, on other grounds, by <u>Neitzke v. Williams</u>, 490 U.S. 319 (1989)(insofar as <u>Neitzke</u> establishes that a complaint that fails to state a claim, under Federal Rule of Civil Procedure 12(b)(6), does not by definition merit *sua sponte* dismissal under 28 U.S.C. § 1915(e)(2)(B)(i) [formerly 28 U.S.C. § 1915(d)], as "frivolous").

3

be true.  <u>Fine v. City of New York</u>, 529 F.2d 70, 74 (2nd Cir. 1975).  Even under this less stringent standard, the § 1983 complaint is subject to summary dismissal.  The requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court.  <u>Weller v. Department of Social Services</u>, 901 F.2d 387, 1990 U.S.App. LEXIS® 6120 (4th Cir. 1990).

Since the plaintiff is challenging matters pertaining to his pending criminal case (wherein he is facing charges of second-degree burglary), the § 1983 complaint is subject to summary dismissal because a right of action has not yet accrued.  *See* <u>Heck v. Humphrey</u>, 512 U.S. 477, 129 L.Ed.2d 383, 114 S.Ct. 2364, 1994 U.S. LEXIS® 4824 (1994):

> We hold that, in order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such a determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254.  A claim for damages bearing that relationship to a conviction or sentence that has not been so invalidated is not cognizable under § 1983.  Thus, when a state prisoner seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint

4

> must be dismissed unless the plaintiff can demonstrate that the
> conviction or sentence has already been invalidated.

Heck v. Humphrey, 512 U.S. at 486-487 (footnote omitted). *See also* Woods v. Candela, 47 F.3d 545, 1995 U.S.App. LEXIS® 2495 (2nd Cir.)(plaintiff's conviction reversed by state court in 1993; hence, civil rights action timely filed), *cert. denied*, Candela v. Woods, 516 U.S. 808, 133 L.Ed.2d 18, 115 S.Ct. 54, 1995 U.S. LEXIS® 5329 (1995); Treece v. Village of Naperville, 903 F. Supp. 1251 (N.D.Ill. 1995); Seaton v. Kato, 1995 U.S. Dist. LEXIS® 2380, *12-*13, 1995 WESTLAW® 88956 (N.D.Ill., February 28, 1995); and Smith v. Holtz, 879 F. Supp. 435, 1995 U.S.Dist. LEXIS® 3721 (M.D.Pa. 1995), *affirmed*, 87 F.3d 108, 1996 U.S.App. LEXIS® 15388 (3rd Cir.), *cert. denied*, Wambaugh v. Smith, 519 U.S. 1041, 136 L.Ed.2d 536, 117 S.Ct. 611, 1996 U.S. LEXIS® 7706 (1996).

Heck v. Humphrey is controlling in the above-captioned case because the events at issue took place after 1994.  In any event, Heck v. Humphrey would apply retroactively. *See* Hooper v. Anderson, 50 F.3d 14, 1995 U.S.App. LEXIS® 676, *4 n. 1, 1995 WESTLAW® 11082 (9th Cir., January 10, 1995)(opinion on rehearing by panel; Heck v. Humphrey applies retroactively), *replacing* unpublished opinion reported in Hooper v. Anderson, 37 F.3d 1505, 1994 U.S.App. LEXIS® 28378  (9th Cir., October 6, 1994); and

Smith v. Holtz, supra (plaintiff's Rule 60(b) motion granted because of decision in Heck v. Humphrey).

Although the decision in Heck v. Humphrey concerned a conviction, its rationale is also applicable to pre-trial detainees and to persons who are awaiting trial but are not confined (*i.e.*, persons who are awaiting trial but are "out on bond").  *See* Nelson v. Murphy, 44 F.3d 497, 1995 U.S.App. LEXIS® 116 (7th Cir. 1995)("[A]n inmate already participating in state litigation must make his stand there rather than attempt the equivalent of federal-defense removal by filing an independent § 1983 suit."); Norris v. Super Cab Co., 1994 U.S.Dist.  LEXIS®  16614,  1994  WESTLAW®  665193  (N.D.Cal., November 15, 1994); Daniel v. Ruph, 1994 U.S.Dist. LEXIS® 15145, 1994 WESTLAW® 589352 (N.D.Cal., October 12, 1994); and Barnett v. Thompson, 1994  U.S.Dist.  LEXIS®  11990,  1994  WESTLAW®  478498  (N.D.Cal., August 22, 1994).

In Daniel v. Ruph, supra, a district court applied the holding in Heck v. Humphrey to a pre-trial detainee:

> In this case, plaintiff seeks damages under § 1983 based on a violation of his Sixth Amendment right to put on a meaningful defense.  A judgment in favor of the plaintiff on that claim would imply the invalidity of his ongoing criminal proceedings.  If plaintiff were successful in showing that he had been denied his constitutional right to prepare his defense, any conviction which

6

flowed from that denial would be invalidated. Therefore, the
instant allegations fail to state a cognizable claim under § 1983
and are DISMISSED without prejudice. * * *

Daniel v. Ruph, supra, 1994 U.S.Dist. LEXIS® 15145, at *4-*5, 1994
WESTLAW® 589352 (footnote following quotation omitted). In an earlier
case, Norris v. Patsy, 1994 U.S.Dist. LEXIS® 11302, 1994 WESTLAW®
443456 (N.D.Cal., July 29, 1994), the court noted that, under Heck v.
Humphrey, supra, "[a] judgment in favor of the plaintiff here would imply the
invalidity of pending state criminal proceedings which have not already been
invalidated; . . . therefore, any request for damages pertinent to said
proceedings is premature and must be DISMISSED."

Also on point is Hudson v. Chicago Police Department, 860 F. Supp.
521, 1994 U.S.Dist. LEXIS® 9351 (N.D.Ill. 1994), where the Honorable Marvin
E. Aspen, United States District Judge, ruled that the complaint was subject
to dismissal under Heck v. Humphrey. Judge Aspen, however, noted that the
plaintiff could bring § 1983 action at a later date if a cause of action had
accrued. Judge Aspen also held that "federal courts will not entertain a claim
for damages under § 1983 if disposition of the claim would entail ruling on
issues in dispute in pending state proceedings." *Accord* Babcock v. Collord,
1994 U.S.Dist. LEXIS® 9661, 1994 WESTLAW® 374528 (N.D.Cal., July 5,

7

1994)(complaints subject to dismissal under <u>Heck v. Humphrey</u> can be dismissed under 28 U.S.C. § 1915(d)), *adopted*, 1994 U.S.Dist. LEXIS® 12741 (N.D.Cal., September 2, 1994).

<u>Heck v. Humphrey</u> is also applicable to the plaintiff's claims of illegally seized evidence.  In civil rights actions in which Fourth Amendment issues relate to a conviction or arrest, <u>Heck v. Humphrey</u>  is applicable.  *See* <u>Ballenger v. Owens</u>, 352 F.3d 842, 845-847, 2003 U.S. App. LEXIS® 25435 (4th Cir.  2003); <u>Booker v. Kelly</u>, 888 F. Supp. 869, 872-876, 1995 U.S. Dist. LEXIS® 6396 (N.D.Ill 1995); and <u>Dawkins v. City of Utica</u>, 1994 U.S.Dist. LEXIS® 17235, *8-*10 & n. 2, 1994 WESTLAW® 675047 (N.D.N.Y., November 28, 1994).  In the case at bar, the plaintiff was not injured by the seized evidence – except for his arrest for burglary.  *See* <u>Jerricks v. Bresnahan</u>, 880 F. Supp. 521, 526, 1995 U.S. Dist. LEXIS® 3272  (N.D.Ill. 1995):

> In this case, the plaintiff has utterly failed to present any evidence which would give this Court or any trier of fact any basis upon which to award damages under Section 1983.  The Supreme Court has made it clear in <u>Memphis Community School Dist. v. Stachura</u>, 477 U.S. 299, 91 L. Ed. 2d 249, 106 S. Ct. 2537 (1986) that damages based on the "abstract" value or "importance" of constitutional rights are not a permissible element of compensatory damages in Section 1983 cases. The only damages which the plaintiff can claim as a result of the alleged illegal search are directly related to his underlying criminal

conviction.  These damages are expressly barred by the Supreme Court's decision in <u>Heck v. Humphrey</u>.

In other words, since the plaintiff's claims about an illegal seizure obviously caused only one (1) harm – the plaintiff's arrest for second-degree burglary, the only basis for awarding damages is his arrest.  As a result, no cause of action has accrued.  <u>Heck v. Humphrey</u>, <u>supra</u>.

Also on point is <u>Gregory v. Hasara</u>, 1995 U.S.Dist. LEXIS® 4053, 1995 WESTLAW® 156050 (E.D.Pa., March 21, 1995):

> * * * While there may be some constitutional violations which would support a damage recovery irrespective of the outcome of the criminal proceeding (*e.g.*, an unreasonable search and seizure in violation of the Fourth Amendment), the violation asserted by plaintiff in this case would, if established at trial, necessarily invalidate the criminal conviction.  Plaintiff contends that, as a result of the defendants' alleged conspiratorial activities, he was misidentified by the prosecution witnesses as the perpetrator of the assaults.  Under the plain holding of <u>Heck v. Humphrey</u>, <u>supra</u>, invalidation of the criminal conviction, either on direct appeal or through permissible collateral attack such as habeas corpus, is a pre condition to an action for damages.
>
> Stated otherwise, if plaintiff was properly identified as the perpetrator, he could have sustained no damages as a result of the defendants' alleged improper efforts; the only damages plaintiff could possibly recover in a civil action under § 1983 in these circumstances would be damages for wrongful conviction.

9

Gregory v. Hasara, supra, 1995 U.S.Dist. LEXIS® 4053 at \*1-\*3.  *See also* Shelton v. Macey, 883 F.Supp. 1047, 1049-1050, 1995 U.S.Dist. LEXIS® 6263 (E.D.Pa. 1995).

Absent extraordinary circumstances, federal courts are not authorized to interfere with a State's pending criminal proceedings.  *See*, *e.g.*, Younger v. Harris, 401 U.S. 37, 44 (1971); Harkrader v. Wadley, 172 U.S. 148, 169-170 (1898); Taylor v. Taintor, 83 U.S. (16 Wall.) 366, 370 & n. 8 (1873);[2] Nivens v. Gilchrist, 319 F.3d 151, 2003 U.S.App. LEXIS® 2453 (4th Cir. 2003); and Cinema Blue of Charlotte, Inc. v. Gilchrist, 887 F.2d 49, 50-53 (4th Cir. 1989), *cert. denied*, 494 U.S. 1030, 1990 U.S. LEXIS® 1399 (1990).  In Cinema Blue of Charlotte, Inc. v. Gilchrist, the United States Court of Appeals for the Fourth Circuit ruled that federal district courts should abstain from constitutional challenges to state judicial proceedings, no matter how meritorious, if the federal claims have been or could be presented in an ongoing state judicial proceeding.  Cinema Blue of Charlotte, Inc. v. Gilchrist, supra, 887 F.2d at 52.  Moreover, the Anti-Injunction Act, 28 U.S.C. § 2283,

---

[2]Although the Supreme Court of the United States has not overruled Taylor v. Taintor, an unrelated portion of the decision in Taylor v. Taintor, which concerned the right of sureties to apprehend principals, has been superannuated by statute in Texas.  *See* Green v. State, 829 S.W.2d 222, 223, 1992 Tex. Crim. App. LEXIS® 102 (Tex. Crim. App. 1992)("However, *Taylor* is not the law in Texas."), *affirming* Green v. State, 785 S.W.2d 955, 1990 Tex. App. LEXIS® 806 (Tex. App. Fort Worth 1990).

expressly prohibits this court from enjoining such proceedings.  *See also* Bonner v. Circuit Court of St. Louis, 526 F.2d 1331, 1336 (8th Cir. 1975)(*en banc*), *cert. denied*, 424 U.S. 946 (1976).

In Bonner v. Circuit Court of St. Louis, the United States Court of Appeals for the Eighth Circuit pointed out that federal constitutional claims are cognizable in both state courts and in federal courts: "Congress and the federal courts have consistently recognized that federal courts should permit state courts to try state cases, and that, where constitutional issues arise, state court judges are fully competent to handle them subject to Supreme Court review."  The *pro se* plaintiff also does not meet the tests for a preliminary injunction or temporary restraining order enunciated in such cases as North Carolina State Ports Authority v. Dart Containerline Company, 592 F.2d 749, 750-753 & n. 3 (4th Cir. 1979).

In any event, it is clear that the plaintiff has not exhausted his state remedies.  If the plaintiff is later convicted and sentenced in his pending criminal case, he has the remedy of filing a direct appeal.  Castille v. Peoples, 489 U.S. 346, 349-352, 1989 U.S. LEXIS® 1040 (1989). If his direct appeal is unsuccessful, the plaintiff can file an application for post-conviction relief. *See* § 17-27-10, *et seq.*, South Carolina Code of Laws.  Moreover, if a South

Carolina prisoner's application for post-conviction relief is denied or dismissed by a Court of Common Pleas, he or she can file an appeal in that post-conviction case. *See* § 17-27-100, South Carolina Code of Laws; and Knight v. State, 284 S.C. 138, 325 S.E.2d 535, 1985 S.C. LEXIS® 312 (1985).

It is well settled that a direct appeal is a viable state court remedy. Castille v. Peoples, supra, 489 U.S. at 349-352. The United States Court of Appeals for the Fourth Circuit has held that South Carolina's Uniform Post-Conviction Procedure Act, which is currently codified at § 17-27-10 *et seq*., South Carolina Code of Laws, is also a viable state-court remedy. *See* Miller v. Harvey, 566 F.2d 879, 880-881 (4th Cir. 1977), *cert. denied*, 439 U.S. 838 (1978); and Patterson v. Leeke, 556 F.2d 1168, 1170-1173 (4th Cir.), *cert. denied*, 434 U.S. 929 (1977).

Sheriff Leon Lott is entitled to summary dismissal. Sheriff's Departments in South Carolina are state agencies, not municipal departments. *See* Section 23-13-550, South Carolina Code of Laws; and 1975 S.C.Att'y.Gen'l.Op. No. 47 (January 22, 1975); and Section 23-13-10 of the South Carolina Code of Laws. Moreover, the Sheriff of Richland County and the Richland County Sheriff's Department have Eleventh Amendment immunity. Comer v. Brown, 88 F.3d 1315, 1332, 1996 U.S.App. LEXIS®

17326 (4th Cir. 1996)(suit against Sheriff of Greenville County: ". . . Sheriff Brown is an arm of the State.").   Indeed, any damages to the plaintiff, if awarded in this case, would be paid by the South Carolina State Insurance Reserve Fund.  Comer v. Brown, supra, 88 F.3d at 1332 ("Judgments against the Greenville County Sheriff are paid by the South Carolina State Insurance Reserve Fund.").

Since there is no indication that the plaintiff is a *pro se* defendant in his pending criminal case,[3] the defendants in this civil action are not required to

---

[3]The plaintiff's attention is directed to State v. Stuckey, 333 S.C. 56, 508 S.E.2d 564, 1998 S.C. LEXIS® 154 (1998), where the Supreme Court of South Carolina held that persons represented by attorneys had no right to file *pro se* motions:

PER CURIAM.

Appellant submitted a pro se initial brief and designation of matter on appeal and moved this Court to incorporate his initial brief with the initial brief that Robert Dudek of the South Carolina Office of Appellate Defense will file on his behalf. In his motion, appellant states that his Sixth Amendment right to the assistance of counsel does not abridge his right as "a pro se litigant to file forth issues on [his] behalf." In essence, appellant asserts a Sixth Amendment right to hybrid representation or representation which is partially pro se and partially by counsel.

The Sixth Amendment guarantees a right to counsel and competent representation by counsel. E.g., McMann v. Richardson, 397 U.S. 759, 90 S.Ct. 1441, 25 L.Ed.2d 763 (1970); Gideon v. Wainwright, 372 U.S. 335, 83 S.Ct. 792, 9 L.Ed.2d 799 (1963). Concurrent with the right to the assistance of counsel is the right to self-representation after a knowing and intelligent waiver of the right to counsel. E.g., Faretta v. California, 422 U.S. 806, 95 S.Ct. 2525, 45 L.Ed.2d 562 (1975).

The United States Supreme Court has not expressly stated whether the Sixth Amendment also provides a right to hybrid representation. However, "Faretta does (continued...)

13

provide him legal materials.  The United States Court of Appeals for the

Fourth Circuit has also ruled that the Constitution of the United States does

not require every local jail even to have a law library.  Magee v. Waters, 810

F.2d 451, 452 (4th Cir. 1987).  The holding in Magee v. Waters is based on

the knowledge that county jails are generally short-term facilities, wherein

---

(...continued)

 not require a trial judge to permit 'hybrid' representation.... A defendant does not have a constitutional right to choreograph special appearances by counsel." McKaskle v. Wiggins, 465 U.S. 168, 183, 104 S.Ct. 944, 953, 79 L.Ed.2d 122, 136 (1984). Since the matter of hybrid representation is left to the discretion of the trial judge, then, by implication, there is no Sixth Amendment right to hybrid representation. Accord State v. Rickman, 148 Ariz. 499, 715 P.2d 752 (Ariz.1986); People v. Arguello, 772 P.2d 87 (Colo.1989); Johnson v. State, 246 Ga. 126, 269 S.E.2d 18 (Ga.1980); State v. Thomas, 331 N.C. 671, 417 S.E.2d 473 (N.C.1992).

 Furthermore, this Court has previously held that there is no right under the South Carolina Constitution to hybrid representation. Foster v. State, 298 S.C. 306, 379 S.E.2d 907 (1989); State v. Sanders, 269 S.C. 215, 237 S.E.2d 53 (1977). Since there is no right to hybrid representation, substantive documents filed pro se by a person represented by counsel are not accepted unless submitted by counsel. Foster, 298 S.C. at 307, 379 S.E.2d at 907.

 Here, appellant, who is represented by counsel, attempted to file a substantive document relating to his case. Since this document was not submitted through counsel, it is not appropriate for consideration by this Court. Nothing in this order shall be construed to limit any party's right to file a pro se motion seeking to relieve his counsel, nor shall it in any way limit a party's right to file a brief in cases submitted pursuant to the procedures established in Anders v. California, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967) and Johnson v. State, 294 S.C. 310, 364 S.E.2d 201 (1988).

IT IS SO ORDERED.

State v. Stuckey, supra, 333 S.C. at 57-58, 508 S.E.2d at 564-565 (quotation downloaded from WESTLAW®).  See also Koon v. Clare, 338 S.C. 423, 527 S.E.2d 357, 2000 S.C. LEXIS® 18 (2000).

"'the brevity of confinement does not permit sufficient time for prisoners to petition the courts.'"  Magee v. Waters, 810 F.2d at 452.  *See also* Cruz v. Hauck, 515 F.2d 322, 331-333 (5th Cir. 1975), *cert. denied*, Andrade v. Hauck, 424 U.S. 917 (1976).  In Cruz v. Hauck, the Court noted: "access to the courts may be satisfied either by availability of legal materials, by counsel, or by any other appropriate device of *the State*."  515 F.2d at 331 (emphasis added).  Moreover, the plaintiff must show an "actual injury" resulting from the loss or absence of his legal materials.  *See also* Peterkin v. Jeffes, 855 F.2d 1021, 1040-1041 & nn. 24-25 (3rd Cir. 1988); and Sands v. Lewis, 886 F.2d 1166, 1170-1171 (9th Cir. 1989)(collecting cases).[4]  The obligation to provide legal assistance to the plaintiff rests with the State of South Carolina, not with the defendant(s) in the cases *sub judice*.

With respect to the loss of his legal materials and medicine at the Alvin S. Glenn Detention Center, the plaintiff cannot recover damages for the negligent loss of those items. See Daniels v. Williams, 474 U.S. 327, 328-336 & n. 3 (1986).  In Daniels v. Williams, the Supreme Court overruled its earlier holding in Parratt v. Taylor, 451 U.S. 527 (1981), that negligent deprivations of property implicate due process interests.  Secondly, 42 U.S.C. § 1983 does

---

[4]*See also* Harrell v. Keohane, 621 F.2d 1059 (10th Cir. 1980), and Twyman v. Crisp, 584 F.2d 352 (10th Cir. 1978)

not impose liability for violations of duties of care arising under state law. DeShaney v. Winnebago County Department of Social Services, 489 U.S. 189, 200-203, 1989 U.S. LEXIS® 1039 (1989).

Under South Carolina law, the plaintiffs' claims relating to the missing legal papers and lost medicine at the Alvin S. Glenn Detention Center are cognizable under the South Carolina Tort Claims Act, § 15-78-10 *et seq*., South Carolina Code of Laws. Section 15-78-30 and its subparts encompass a "loss" of property from an occurrence of negligence proximately caused by a person employed by the State of South Carolina, a state agency, or political subdivision while acting within the scope of his or her employment. The plaintiff's claims are cognizable under the South Carolina Tort Claims Act because the Alvin S. Glenn Detention Center is operated by a political subdivision of the State of South Carolina.

Suits brought under the South Carolina Tort Claims Act must be brought in a state court within the boundaries of South Carolina. Under the South Carolina Tort Claims Act, there are different limitations periods for "verified" claims and claims which fail to comply strictly with the verified claim procedure required by S.C. Code § 15-78-80. Joubert v. South Carolina Department of Social Services, 341 S.C. 176, 189-190, 534 S.E.2d 1, 8, 2000

S.C.App. LEXIS® 92 (S.C.Ct.App. 2000)(outlining differences between "verified" claims filed in accordance with S.C. Code § 15-78-80 as subject to three-year limitations period and all other claims being subject to two-year limitations period). The benefit to a plaintiff for filing a verified claim is that his or her limitations period is extended from two (2) years to three (3) years. In other words, if a plaintiff fails to file a claim that strictly complies with S.C. Code § 15-78-80, in the filing of a non-verified claim under the South Carolina Tort Claims Act, the limitations period is only two (2) years. Plaintiffs failing to pursue their claims within the appropriate limitations period will be barred from suit. *See*, *e.g.*, Murphy v. Richland Memorial Hospital, 317 S.C. 560, 455 S.E.2d 688, 1995 S.C. LEXIS® 31 (1995); Vines v. Self Memorial Hospital, 314 S.C. 305, 443 S.E.2d 909, 1994 S.C. LEXIS® 97 (1994); and Pollard v. County of Florence, 314 S.C. 397, 444 S.E.2d 534, 1994 S.C. App. LEXIS® 72 (S.C.Ct.App. 1994).

Cases from outside this circuit point out that the availability of a state cause of action for an alleged loss of property provides adequate procedural due process. In other words, where state law provides such a remedy, no federally guaranteed constitutional right is implicated. *See* King v. Massarweh, 782 F.2d 825, 826 (9th Cir. 1986); and Slaughter v. Anderson,

17

673 F. Supp. 929, 930 (N.D.Ill. 1987).  Since the plaintiff can bring suit under the South Carolina Tort Claims in state court, no federal constitutional violation has occurred.    For the plaintiff's future reference, the mailing address of the Clerk of Court for Richland County (*i.e.*, the Clerk of the Court of Common Pleas for Richland County) is:

**Barbara A. Scott, Clerk of Court for Richland County**
**Post Office Box 2766**
**Columbia, South Carolina 29202-2766**

(2005-2006 South Carolina Lawyers Desk Book [published by the South Carolina Bar], at page 558).

The plaintiff is not entitled to the removal of Case No. 2005-CP-40-02790 to this federal court.  It is well-settled that a Notice of Removal must be filed by a *defendant* in a state court action within thirty days after the complaint in state court is served or within thirty days *after* the case becomes removable.   *See* 28 U.S.C. § 1446; and Heniford v. American Motors Sales Corporation, 471 F. Supp. 328 (D.S.C. 1979), *appeal dismissed*, 622 F.2d 584 (4th Cir. 1980)[Table].  The statutory language of 28 U.S.C. § 1441 permits removal only by defendants, not plaintiffs.

18

# *Recommendation*

Accordingly, it is recommended that the District Court dismiss the above-captioned case *without prejudice* and without issuance and service of process.  *See* Denton v. Hernandez, supra; Neitzke v. Williams, supra; Haines v. Kerner, supra; Brown v. Briscoe, 998 F.2d 201, 202-204 & n. *, 1993 U.S.App. LEXIS® 17715 (4th Cir. 1993), *replacing* unpublished opinion originally tabled at 993 F.2d 1535 (4th Cir. 1993); Boyce v. Alizaduh, supra; Todd v. Baskerville, supra, 712 F.2d at 74; 28 U.S.C. § 1915(e)(2)(B)[essentially a redesignation of "old" 1915(d)]; and "new" 28 U.S.C. § 1915A[as soon as possible after docketing, district courts should review prisoner cases to determine whether they are subject to summary dismissal].  The plaintiff's attention is directed to the Notice on the next page.

Respectfully submitted,


Greenville, South Carolina          S/Bruce Howe Hendricks
October 14, 2005                    United States Magistrate Judge


19

<u>Notice of Right to File Objections to Magistrate Judge's "Report and Recommendation"</u>
&

The **Serious Consequences** of a Failure to Do So

The plaintiff is hereby notified that any objections to the attached Report and Recommendation (or Order and Recommendation) must be filed within **ten (10) days** of the date of service.  28 U.S.C. § 636 and Fed. R. Civ. P. 72(b). The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three days for filing by mail.  Fed. R. Civ. P. 6.  A magistrate judge makes only a recommendation, and the authority to make a final determination in this case rests with the United States District Judge.  *See* Mathews v. Weber, 423 U.S. 261, 270-271 (1976); and Estrada v. Witkowski, 816 F. Supp. 408, 410, 1993 U.S.Dist. LEXIS® 3411 (D.S.C. 1993).

During the ten-day period for filing objections, **but not thereafter**, a party must file with the Clerk of Court specific, written objections to the Report and Recommendation, if he or she wishes the United States District Judge to consider any objections.  **Any written objections must** *specifically identify* **the portions of the Report and Recommendation to which objections are made** *and* **the basis for such objections.**  *See* Keeler v. Pea, 782 F. Supp. 42, 43-44, 1992 U.S.Dist. LEXIS® 8250 (D.S.C. 1992); and Oliverson v. West Valley City, 875 F. Supp. 1465, 1467, 1995 U.S.Dist. LEXIS® 776 (D.Utah 1995).  Failure to file specific, written objections shall constitute a waiver of a party's right to further judicial review, including appellate review, if the recommendation is accepted by the United States District Judge.  *See* United States v. Schronce, 727 F.2d 91, 94 & n. 4 (4th Cir.), *cert. denied,* Schronce v. United States, 467 U.S. 1208 (1984); and Wright v. Collins, 766 F.2d 841, 845-847 & nn. 1-3 (4th Cir. 1985).  Moreover, if a party files specific objections to a portion of a magistrate judge's Report and Recommendation, but does not file specific objections to other portions of the Report and Recommendation, that party waives appellate review of the portions of the magistrate judge's Report and Recommendation to which he or she did not object.  In other words, a party's failure to object to one issue in a magistrate judge's Report and Recommendation precludes that party from subsequently raising that issue on appeal, even if objections are filed on other issues.  Howard v. Secretary of HHS, 932 F.2d 505, 508-509, 1991 U.S.App. LEXIS® 8487 (6th Cir. 1991).  *See also* Praylow v. Martin, 761 F.2d 179, 180 n. 1 (4th Cir.)(party precluded from raising on appeal factual issue to which it did not object in the district court), *cert. denied,* 474 U.S. 1009 (1985).  In Howard, supra, the Court stated that general, non-specific objections are *not* sufficient:

> A general objection to the entirety of the [magistrate judge's] report has the same effects as would a failure to object.  The district court's attention is not focused on any specific issues for review, thereby making the initial reference to the [magistrate judge] useless. * * * This duplication of time and effort wastes judicial resources rather than saving them, and runs contrary to the purposes of the Magistrates Act.  We would hardly countenance an appellant's brief simply objecting to the district court's determination without explaining the source of the error.

*Accord* Lockert v. Faulkner, 843 F.2d 1015, 1017-1019 (7th Cir. 1988), where the Court held that the appellant, who proceeded *pro se* in the district court, was barred from raising issues on appeal that he did not specifically raise in his objections to the district court:

> Just as a complaint stating only 'I complain' states no claim, an objection stating only "I object" preserves no issue for review. * * * A district judge should not have to guess what arguments an objecting party depends on when reviewing a [magistrate judge's] report.

*See also* Branch v. Martin, 886 F.2d 1043, 1046, 1989 U.S.App. LEXIS® 15,084 (8th Cir. 1989)("no de novo review if objections are untimely or general"), which involved a *pro se* litigant; and Goney v. Clark, 749 F.2d 5, 6 n. 1 (3rd Cir. 1984)(*per curiam*)("plaintiff's objections lacked the specificity necessary to trigger *de novo* review").  **This notice, hereby, apprises the plaintiff of the consequences of a failure to file specific, written objections.**  *See* Wright v. Collins, supra; and Small v. Secretary of HHS, 892 F.2d 15, 16, 1989 U.S.App. LEXIS® 19,302 (2nd Cir. 1989).  Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections addressed as follows:

**Larry W. Propes, Clerk**
**United States District Court**
**Post Office Box 10768**
**Greenville, South Carolina 29603**