IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Wade Stepheny, Jr., #90998,                )<br>                                            )<br>        Plaintiff,                         )<br>                                            )<br>    vs.                                     )<br>                                            )<br>Leon Lott, Jr., Sheriff of Richland County; )<br>J. Willoughby, Investigator for Richland   )<br>County Sheriff's Office; NFN Hayhust,       )<br>Fugitive Squad Officer for Richland         )<br>County Sheriff's Department; and            )<br>Ronaldo Myers, Director of Alvin S.         )<br>Glenn Detention Center,                     )<br>                                            )<br>        Defendants.                         )<br>_____) | C/A No.: 8:05-2740-MBS<br><br><br><br><br><br>**AMENDED ORDER** |

Plaintiff Wade Stepheny, Jr. is a pretrial detainee at the Alvin S. Glenn Detention Center in Columbia, South Carolina. Plaintiff, appearing pro se, filed a complaint pursuant to 42 U.S.C. § 1983 on September 20, 2005.

In accordance with 28 U.S.C. § 636(b) and Local Rule 73.02, D.S.C., this matter was referred to United States Magistrate Judge Bruce Howe Hendricks for pretrial handling. The Magistrate Judge reviewed the complaint pursuant to the provisions of 28 U.S.C. §§ 1915 and 1915A and the Prison Litigation Reform Act of 1996. On October 14, 2005, the Magistrate Judge filed a Report and Recommendation in which she determined that Plaintiff's claims regarding his pending state court criminal proceeding are barred by Heck v. Humphrey, 512 U.S. 477 (1994). To the extent Plaintiff seeks to recover damages for missing property, the Magistrate Judge noted that Plaintiff could proceed under the South Carolina Tort Claims Act. Accordingly, the Magistrate Judge recommended that the case be summarily dismissed without prejudice and without issuance and service of process. Plaintiff filed objections to the Report on October 24, 2005.

The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight. The responsibility for making a final determination remains with this court. Mathews v. Weber, 423 U.S. 261, 270 (1976). The court is charged with making a de novo determination of any portions of the Report and Recommendation to which a specific objection is made. The court may accept, reject, or modify, in whole or in part, the recommendation made by the Magistrate Judge or may recommit the matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1).

Plaintiff's objections simply restate allegations of the complaint and list a number of legal sources. The court need not conduct a de novo review when a party makes only general and conclusory objections that do not direct the court to a specific error in the Magistrate Judge's proposed findings and recommendations. Orpiano v. Johnson, 687 F.2d 44, 47-48 (4th Cir. 1982). Nevertheless, the court has thoroughly reviewed the record and concurs in the findings and recommendations of the Magistrate Judge.

Plaintiff filed a motion to amend on March 22, 2006. The motion is captioned "Ripeness: Inconclusive Evidence" and reads as follows:

> Comes now the aboved Plaintiff who moves in the U.S. Dist Court for the Dist of South Carolina Greenville Division for a court order compelling 42 USC 1983 Note 3613A to be amended to civil action violation complaint # 8:05-CV-2740-MS-BHH. For the foregoing reasons: 81 ALR4th 1031. Unlawful search and arrest: See: Gonzalez v Entress. C.A.7. (Ill) 1993 133 F.3d 551. S.Ct. 109 L. Ed 2d 776: RCSD Foresic Examination Report: Date 2.21.06.

Although it is not clear, it appears that Plaintiff is alleging additional deficiencies in the state court criminal proceedings. Plaintiff's motion is **granted** pursuant to Fed. R. Civ. P. 15(a). The court concludes that the additional contentions regarding the state court proceedings are barred by Heck v. Humphrey, 512 U.S. 477 (1994), for the same reasons articulated by the Magistrate Judge

2

with respect to the allegations in the original complaint.

The court concurs in the Report and Recommendation and incorporates it herein by reference. The case is dismissed *without prejudice* and without issuance and service of process.

**IT IS SO ORDERED**.

/s/ Margaret B. Seymour
United States District Judge

May 8, 2006

Columbia, South Carolina

Nunc pro tunc date: May 1, 2006

**NOTICE OF RIGHT TO APPEAL**

**Plaintiff is hereby notified that he has the right to appeal this order pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.**